**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-80347-RLR**

MICHAEL DEAN,

     Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, *et al.*,

     Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE

This matter comes before the Court on Plaintiff's Petition for Writ of Mandamus [DE 1], Motion to Cease and Desist Sale of Property [DE 5], Motion for Temporary Restraining Order [DE 10], Motion to Vacate Unlawful Foreclosure Sale [DE 13], Motion for Temporary Restraining Order and Stay Sale [DE 16], and Motion to Disqualify Judge Bradley Harper and Declare All Prior Orders Null and Void Due to Defective Oath of Office [DE 18].

On March 28, 2025, the Court referred this matter to the Honorable Bruce E. Reinhart for a report and recommendation pursuant to 28 U.S.C. § 636(b) and the Local Rules of the Southern District of Florida. DE 9.  On April 16, 2025, Judge Reinhart recommended that the Court dismiss this action and deny as moot any pending motions. DE 15.  On April 24, 2025, Plaintiff filed objections to the Report and Recommendation. DE 19.

The Court has thoroughly reviewed the Report and Recommendation, the Petition and Motions, and the record, and is fully advised in the premises.

Judge Reinhart recommends that the Court dismiss this matter due to lack of subject-matter jurisdiction over Plaintiff's claims. DE 15.  The *Rooker-Feldman* doctrine bars federal courts from reviewing state court decisions because lower federal courts lack subject-matter jurisdiction over final state-court judgments. *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021).  The doctrine applies not only to federal claims raised in state court, but also to those that are inextricably intertwined with the state court's judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  A federal claim is inextricably intertwined with a state-court claim when, in substance, it amounts to a direct appeal of the state-court judgment, even if the appellate does not refer to the proceeding as a direct appeal. *Behr*, 8 F.4th at 1211.

In his objection, Plaintiff argues that he does not seek review of a state-court judgment. Plaintiff argues that he has brought independent federal claims rooted in statutory and constitutional violations. *See* DE 19 at 1–2.  But Plaintiff's claims and motions, in essence, seek review of a state court's judgment granting foreclosure.  Plaintiff's Petition requests "immediate regulatory intervention" against Defendants for "mortgage fraud, judicial misconduct, and criminal violations" in connection with an alleged "unlawful foreclosure." DE 1 at 4.  Plaintiff's ensuing motions sought to halt the foreclosure, DE 5, DE 10, DE 16; to vacate the foreclosure sale, DE 13; and to declare as null the state-court judgment permitting the foreclosure, DE 18.

Because Plaintiff's requests amount in substance to direct appeals of a state court's judgment, the *Rooker-Feldman* doctrine bars Plaintiff's claims.  Therefore, for the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1.  Magistrate Judge Reinhart's Report and Recommendation [DE 15] is **ADOPTED**.

2.  Plaintiff's case is **DISMISSED** for lack of subject-matter jurisdiction.

3.  All pending motions are **DENIED AS MOOT**.

4.  The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of May, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record